## JOSE LUJAN V. STATE.

No. 25,790. April 9, 1952.
Appellant's Motion for Rehearing Denied (Without Written Opinion) May 21, 1952.

Hon. Roy D. Jackson, Judge Presiding.

*John B. Luscombe, Jr.,* and *Fryer & Milstead,* by *Coyne Milstead,* El Paso, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Possessing marihuana is the primary offense charged. The punishment of life imprisonment in the penitentiary was assessed because of two prior felony convictions.

The witness Casavantes, a detective of the city of El Paso, testified that while standing on a street of said city at night he saw appellant place a package on the ground and against the front wheel of a parked automobile. He knew that appellant was a handler of narcotics, and he watched the package for about fifteen minutes, thinking perhaps appellant would make a sale. At the expiration of that time he picked up the package and placed appellant under arrest. The package contained marihuana (narcotic drug) cigarettes. A search of his person after arrest failed to reveal any narcotics.

Appellant denied having placed the package where found and having had any connection therewith. He admitted his prior convictions.

The state offered in evidence the ordinance of the city of El Paso authorizing arrests of persons under suspicious circumstances.

Appellant insists that the evidence showing his possession of the marihuana was obtained as a result of his illegal arrest.

With this contention we do not agree. The package of marihuana cigarettes was not upon appellant's person when taken into possession by the officer; the cigarettes were picked up by the officer from in front of the automobile wheel where he had seen appellant place the package prior thereto. The feel of the package caused the officer to believe, in connection with the knowledge he already possessed, that a felony had been committed by appellant in his presence, or at least that the arrest was authorized under the above mentioned city ordinance. In any event, appellant's guilt before the jury was not made to depend upon facts ascertained from a search of his person after arrest.

Complaint is made of arguments of state's counsel. In this connection attention is directed to the fact that here the penalty to be assessed upon a finding of guilt was fixed by law and therefore the amount of the penalty to be assessed was not within the discretion of the jury. Art. 63, P. C.

The arguments complained of violated no mandatory stattute, nor were they such as would be calculated to influence the jury in this case upon the sole issue of whether appellant possessed the marihuana cigarettes.

We are unable to agree, therefore, that error was committed in failing to sustain the objection to the arguments complained of.

Other questions presented have been examined, and are overruled without discussion.

The judgment is affirmed.

Opinion approved by the court.