DORPHY J. RHODES V. STATE

No. 28,725. January 30, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 13, 1957.

*James Kerr*, and *J. Kenneth Hynes*, Beaumont, for appellant.

*Ramie Griffin*, Criminal District Attorney, *James S. Mc-Grath*, Assistant Criminal District Attorney, Beaumont, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary, the indictment alleging several prior convictions for offenses less than capital.

The jury found appellant guilty of the presently charged offense and further found that he had been theretofore twice convicted of a felony less than capital, and the court entered judgment upon the verdict and sentenced him to a life term in the penitentiary.

The state alleged a prior conviction for the offense of armed robbery (alleged to be a felony less than capital) in Cause No. 4282 in the Criminal Court of Record of Dade County, Florida, said conviction being on the 12th day of May, 1936.

The indictment also alleged that on November 9, 1931, in the Superior Court of Santa Barbara, California, in Cause No. 22895, appellant was convicted of burglary, and further alleged that this conviction occurred and the judgment thereon became final prior to the commission of the offense for which appellant was convicted in Cause No. 4282 in the Criminal Court of Record of Dade County, Florida.

The verdict returned by the jury was authorized in the charge only in the event the jury found that appellant was guilty of the primary offense; was the same person who was convicted in the cases described above and that these convictions were final convictions for felonies less than capital. There were other prior convictions alleged but the verdict was not based on them and they need not be further referred to.

The state offered in evidence proof that under the laws of Florida the offense of robbery with firearms was a felony less than capital, and like proof was made as to the California offense of burglary charged in said cause No. 22895.

The agreed statement of facts shows that a cafe in the city of Beaumont was burglarized after midnight, when it was closed. Several items that were found to be missing were found in the possession of appellant when he was arrested in the vicinity shortly after the burglary was discovered the following morning.

Appellant's fingerprints were found at the point of entry to the building and it was shown that he had no authority or permission to enter the building.

The statement of facts contains the further statement that it was agreed that the state introduced sufficient evidence to support a conviction for the burglary.

It is further stated that upon the issue of appellant's being the same person twice previously convicted, the state introduced certified copies of the judgments of conviction "in strict conformity with the statutes allowing the introduction of properly authenticated documentary evidence," and certified copies of the laws of the various states where applicable to the alleged felonies in the indictment "in conformity with the statute allowing the proof of the laws of other states."

Also, according to the agreed statement of the evidence, the state further introduced certified copies of the prison records under which the defendant in each of the cause numbers was received and the fingerprint card and picture of said defendant under such committment order, "all of which was introduced in conformity with the statutes allowing the introduction of properly authenticated documentary evidence."

W. P. Hayes, a fingerprint expert whose qualifications were admitted by appellant, testified that he had examined all of the fingerprints on the various cards which had been introduced and compared all ten individual fingerprints with the prints of all ten fingers of a known fingerprint card of the defendant on trial, and had also examined the photographs, and expressed the opinion that the appellant was the same person who was convicted on the former trial.

The agreed statement of facts contains the statement that the state connected up the certified copies of the former convictions by comparison of fingerprints attached to the certified copies of the former prison records with known and admitted fingerprints of the defendant on trial.

In his belatedly filed brief appellant contends that the court erred in allowing the introduction of documentary evidence for the purpose of proving prior convictions and erred in admitting in evidence the fingerprint cards and the photographs offered for the purpose of connecting appellant with the prior convictions.

It is appellant's contention that neither fingerprint cards nor pictures taken from prison records are properly definable

as non-judicial records or books within the contemplation of Title 28, Section 1739, U.S. Code Annotated.

The claimed error in the admission of the fingerprint cards, photographs and other documentary evidence is not raised by bill of exception. No part of the agreed statement of facts is in question and answer form, and there are no bills of exception in the record, formal or informal.

In Handy v. State, 160 Texas Cr. Rep. 258, 268 S.W. 2d 182, and Grice v. State, 142 Texas Cr. Rep. 4, 151 S.W. 2d 211, we held that the defendant's identity as being the person previously convicted may be established through comparison of fingerprints taken at the time of his arrest and those from the prison records.

The evidence sustains the conviction for the presently charged burglary. It also sustains the allegations of the indictment as to the two prior convictions for felonies less than capital.

The judgment is affirmed.