SAMUEL LEE ROBERTS V. STATE

No. 28,958. April 17, 1958.

*Wright Stubbs,* Austin, and *Theo P. Henley,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Roy R. Barrera* and *Edward R. Finck, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana, with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Officer Weilbacher testified, in the absence of the jury on the issue of probable cause, that his fellow officer on the night in question had received information from an informer that there were three men in a Plymouth automobile parked in front of the Ranch House Bar who were selling marijuana, that one of the men was Bubba Bennet who had been arrested several times for narcotics. He stated further that several narcotics violations had been detected in the vicinity of the Ranch House Bar and that he and his fellow narcotic officers proceeded at once to such location.

He testified before the jury that when they arrived at the Ranch House they found a Plymouth and a Ford automobile parked next to each other. Bennet was in the Ford, and three men were seated in the Plymouth, the appellant being alone in the front seat. He stated that he shone his flashlight in on the appellant and saw him turn and attempt to hide something in the crevice between the seat and the backrest, that he ordered the appellant to alight, and as he did so observed a matchbox in the appellant's left hand, which he dropped as soon as he was out of the automobile. The officer testified that he retrieved the matchbox and then discovered twelve hand rolled cigarettes protruding from the crevice between the seat and the backrest.

The contents of the matchbox were established by expert testimony to be loose marijuana and the cigarettes to contain marijuana.

Weilbacher's testimony was corroborated in a measure by the other officers present who arrested the occupants of the back seat of the Plymouth, as well as Bennet, and found marijuana in their possession.

The prior convictions were established, and the appellant did not testify or offer any evidence in his own behalf.

Only two questions are presented on appeal.

On the question of the admissibility of the marijuana, we observe that no search of the appellant's person or automobile

is involved. The appellant dropped the matchbox after he was out of the automobile, and it was admissible. Martinez v. State, 157 Texas Cr. Rep. 603, 252 S.W. 2d 186, and Tillman v. State, 162 Texas Cr. Rep. 618, 288 S.W. 2d 521. The automobile was not shown to belong to the appellant, and therefore he cannot question the legality of the search of the same. We observe further that the cigarettes were easily visible from outside and hence were admissible.

On the question of the proof as to the prior convictions, the following were introduced in evidence:

1. The certified copies of the indictment, judgment and sentence in the two cases attested by the clerk of the court in which the convictions were had.

2. Photostatic copies of the same judgments and sentences plus fingerprint cards from the files of the Texas Prison System duly authenticated by the record clerk of such institution.

In addition, it was shown by expert testimony that the fingerprints taken from the appellant following his arrest for the present offense were identical to those shown on the fingerprint cards from the Texas Prison System.

This method of proof has been approved by this court in the following cases: Grice v. State, 142 Texas Cr. Rep. 4, 151 S.W. 2d 211; Handy v. State, 160 Texas Cr. Rep. 258, 268 S.W. 2d 182; Rhodes v. State, (page 407, this volume), 299 S.W. 2d 153; and Spencer v. State, No. 28,891 (page 464, this volume), 300 S.W. 2d 950.

In a case such as the one before us here, the accused cannot plead surprise under Section 3 of Article 3731a, V.A.C.S., because the indictment puts the accused on notice that it will be necessary for the state to establish the two prior convictions.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.