JOHN HUNTER STOCKWELL V. STATE.

No. 29,838. May 28, 1958.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) October 22, 1958.

*Richard C. Keene,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Edward R. Finck, Jr.* and *Anthony J. Ferro,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery, with three prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Upon a prior appeal, this conviction was reversed because of a question of jury misconduct. Stockwell v. State, 164 Texas Cr. Rep. 656, 301 S.W. 2d 669.

There were three persons present in the Professional Pharmacy in San Antonio on the day in question when an armed and partially masked man entered and, at gun point, took narcotics and money. The appellant was found by police officers some few days later in Dallas hiding in a closet and was returned to San Antonio, where an examining trial was held.

All three witnesses, two women who were in the back of the drug store preparing coffee and Mr. Fred, the pharmacist who delivered the narcotics and money to the robber, testified that he wore a plastic hood which concealed a portion of his face. The women testified that the appellant looked like the robber but would not positively identify him. According to Fred's testimony, he picked out the picture of appellant from a group of pictures shown him by the officers the day after the robbery, identified the appellant in jail after he was brought back from Dallas, identified him at the examining trial and upon the trial.

The appellant did not testify in his own behalf, but called the justice of the peace who presided at the examining trial and the attorney who represented him then, who testified that Fred had been uncertain in his identification of the appellant at that time.

The state called two assistant district attorneys who testified that Fred had shown no uncertainty at the examining trial and that the justice of the peace in a conversation months after the examining trial, while discussing appellant's examining trial, had given the facts of another examining trial in another robbery.

We agree with the appellant and the cases cited in his able brief that there is no fixed rule for determining the sufficiency of the evidence in every instance but have concluded that the evidence here is sufficient to support the jury's finding that the appellant was the robber.

Appellant's two remaining contentions will be discussed. Prior to the trial, the court instructed appellant's counsel to refrain from alluding to or arguing to the jury the question of punishment. A conviction under Article 63, V.A.P.C., carries

a mandatory life sentence which is adjudged by the court and not the jury.

The state relies upon Toone v. State, 144 Texas Cr. Rep. 98, 161 S.W. 2d 90, which is direct authority in support of the court's ruling.

The appellant relies upon Chapman v. State, 66 Texas Cr. Rep. 489, 147 S.W. 580, and Lujan v. State, 157 Texas Cr. Rep. 338, 248 S.W. 2d 477. In Chapman, the conviction was reversed because the trial court himself made an argument to the jury telling them that he had been expecting certain argument from counsel for the accused and was prepared to answer it, and further told the jury not to consider a portion of the argument of counsel. This court said that every accused had the right to be heard by counsel. In Lujan we were determining if argument, which related only to punishment, was prejudicial in a case where the jury did not have the duty of fixing the punishment, and the sole issue before it was the guilt or innocence of the accused. There is nothing in Chapman or Lujan to show that the question before us here was being discussed.

Appellant's remaining contention relates to the manner of proving the prior convictions.

The method employed corresponds exactly to that which has been approved by this court in Handy v. State, 160 Texas Cr. Rep. 258, 268 S.W. 2d 182; Rhodes v. State, 164 Texas Cr. Rep. 407, 299 S.W. 2d 153; Spencer v. State, 164 Texas Cr. Rep. 464, 300 S.W. 2d 950; Roberts v. State, 164 Texas Cr. Rep. 537, 301 S.W. 2d 154; and Baldez v. State, 165 Texas Cr. Rep. 647, 310 S.W. 2d 113, to which reference is made for a description thereof.

Appellant relies upon Estes v. State, 162 Texas Cr. Rep. 122, 283 S.W. 2d 52. We find nothing in Estes inconsistent with the above holdings. We there said that a letter signed by Glenn McLaughlin stating that a blood specimen taken from the accused contained sufficient alcohol to cause the Texas Department of Public Safety to conclude that the accused was intoxicated was clearly hearsay and that the provisions of Articles 3731a and 3737, V.A.C.S., did not render admissible that which was inadmissible by virtue of the hearsay rule. See also Fite v. State, 158 Texas Cr. Rep. 611, 259 S.W. 2d 198, and Rice v. State, 163 Texas Cr. Rep. 367, 292 S.W. 2d 114.

Finding no reversible error, the judgment of the trial court is affirmed.