THOMAS BAKER BARFIELD V. STATE.

No. 30,633. April 22, 1959.

DAVIDSON, Judge, concurred.

*Charles Owen Melder,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Frank Briscoe,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary, with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment, in compliance with the terms of Article 63, V.A.P.C.

The appellant and another man were apprehended inside a beer establishment on the night in question after the same had been closed by the owner. A back window of the place had been broken in, the cigarette machine was damaged, and a hammer was found nearby.

Proof of the prior convictions was made in the manner approved by this court in Stockwell v. State, 166 Texas Cr. Rep. 577, 316 S.W. 2d 742, and the cases there cited, by introducing the records of the Texas Prison System showing the prior convictions and by fingerprint comparison and photographs showing that the appellant was the same individual who had been previously convicted.

Appellant did not testify or offer any evidence in his own behalf.

There are no formal bills of exception in the record. The appellant in his brief seeks to raise a question as to the admissibility of certain of the records and their sufficiency to support this conviction. Such exhibits were introduced without objection at the trial. Having failed to object, the appellant is deemed to waive any complaint arising therefrom. We note, however, that this court recently, in Skaggs v. State, 167 Texas Cr. Rep. 254, 319 S.W. 2d 310, has ruled adversely to the appellant's

contention that the records were inadmissible, and held that the evidence in a similar case was sufficient to support the conviction.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

DAVIDSON, Judge, (concurring).

I concur in the disposition of this case only because the appellant did not object to the introduction of the hearsay evidence as to proof of the prior convictions.

The rule authorizing such testimony, as announced in the Stockwell and Skaggs cases, is wrong and ought to be overruled.

My views will be found in my dissenting opinion in the case of Davis v. State, No. 30,488, 167 Texas Cr. Rep. 524, 321 S.W. 2d 873.