EARL GENE TOMLIN V. STATE

No. 31,317. March 23, 1960

Motion for Rehearing Overruled June 22, 1960

Second Motion for Rehearing Overruled October 12, 1960

DAVIDSON, Judge, dissented.

*Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Howell E. Stone,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment alleged the unlawful possession of heroin, and for enhancement of punishment alleged three prior consecutive convictions for felonies less than capital, the offenses being felony theft in 1948, felony theft in 1951, and burglary in 1954, all in Harris County.

Upon the verdict finding appellant guilty of unlawfully possessing heroin and finding that he had been thrice previously convicted of felonies less than capital, judgment was rendered ordering his confinement in the penitentiary for life, as authorized by Art. 63 P. C.

It is insisted that since the primary offense was the violation of the Uniform Narcotic Drug Act, Art. 725b V.A.P.C., which provides a greater punishment upon a subsequent conviction than

for a first, the enhancement of punishment statutes, Arts. 62 and 63, can have no application. He cites Edwards v. State, 166 Tex. Cr. Rep. 301, 313 S.W. 2d 618, as supporting this contention.

The answer to such contention lies in the fact that Art. 725b V.A.P.C. does not provide an enhanced punishment by reason of prior conviction for felonies such as felony theft and burglary. Like Art. 802b V.A.P.C., it provides the punishment applicable to a subsequent conviction *for violation of such statute.*

Edwards v. State, supra, must be read in light of the fact that the prior conviction sought to be relied upon for enhancement under Art. 62 P. C. as well as the primary offense charged was drunken driving, punishment for which as a first or subsequent conviction is found in Art. 802b V.A.P.C. The Edwards case is not to be construed as holding that punishment for the felony offense of drunken driving cannot be enhanced under Art. 63 P. C. upon allegation and proof of two or more prior convictions for felonies less than capital other than drunken driving.

To the contrary, the punishment for violation of Art. 725b V.A.P.C. or of Art. 802b V.A.P.C, which is a felony less than capital, may be enhanced under Art. 63 P. C., the prior convictions being for other non-capital felonies. Granado v. State, 168 Tex. Cr. Rep. 525, 329 S.W. 2d 864 and Leal v. State, 169 Tex. Cr. Rep. 222, 332 S.W. 2d 729 support such holding.

Appellant was taken from jail by officers who had obtained a search warrant authorizing the search of his home for narcotic drugs and directing his arrest.

The search resulted in the finding of "one eyedropper, three hypodermic needles and one burnt spoon—wrapped in a handkerchief—found in the closet in a coat pocket—in a bedroom—we found the defendant's name inside the coat in ink—this is Earl Gene Tomlin."

On top of a chest of drawers the officers found a piece of cellophane paper with traces of a white substance inside. Another similar paper with traces of some type of white powder was found in the bathroom, adjacent to the bedroom. The articles found were offered in evidence.

Crawford, chemist and toxicologist for the city of Houston, who received the sealed envelope containing these articles, testi-

fied that there was a residue which was visible in the spoon, eye-dropper and needle "and little particles of powder on the cellophane paper submitted which were extracted and analyzed"; that his analysis revealed that the spoon contained 157 micrograms of heroin; the eye-dropper and needle together contained 810 micrograms of heroin, and the fine particles of powder on the paper contained 802 micrograms of heroin, a total of 1700 micrograms equivalent to one capsule of 3% heroin.

The heroin, the chemist testified, was utilized or destroyed in the analysis.

We overrule the contention that the amount of heroin was insufficient under Pelham v. State, 164 Tex. Cr. Rep., 226, 298 S. W.2d 171, and Greer v. State, 163 Tex. Cr. R. 377, 292 S.W.2d 122.

We also overrule the contention that the evidence is insufficient to sustain a finding that appellant possessed the heroin which was found in the pocket of a coat marked with his name and elsewhere in the bedroom. There was testimony that appellant had been observed leaving and returning to the house; that letters addressed to him at that address were found there; and that his clothing other than the coat in which the heroin was found, stenciled in the same manner, were found at the address.

Appellant attacks the sufficiency of the evidence to show that the substance was heroin, based upon his cross-examination of the chemist concerning the use of a device known as an electrospectrometer. The witness testified without objection as to the result of his analysis and, at most, the cross-examination affected only the weight of his testimony. There was no motion to exclude the testimony he had given.

We do not intend to imply that we see merit in the fact that the witness admitted he knew nothing about electronics .

That appellant was the person convicted in the prior judgments alleged for enhancement was estabished by records of the Texas Department of Correction, certified by the custodian thereof, including photostats of copies of the judgment and sentence in each cause certified by the district clerk of Harris County, and photographs and fingerprints of the defendant in said causes. Fingerprints taken of appellant were introduced and the expert who took them and compared them with those on said prison records testified that he found them to be fingerprints of the same

person. Also certified copies of the indictments in the two most recent prior convictions were identified by a deputy district clerk and offered in evidence.

We adhere to our prior holdings that the prison records under the prior convictions were admissible. See Grice v. State, 142 Tex. Cr. R. 4, 151 S.W. 2d 211; McGowen v. State, 163 Tex. Cr. R. 587, 290 S.W. 2d 521, certiorari denied, 77 S. Ct. 268 and 77 S. Ct. 324; Handy v. State, 160 Tex. Cr. R. 258, 268 S.W. 2d 182; Rhodes v. State, 164 Tex. Cr. Rep., 407 299 S.W. 2d 153; Robinson v. State, 163 Tex. Cr. R. 499, 293 S.W. 2d 781; Spencer v. State, 164 Tex. Cr. Rep. 464, 300 S.W.2d 950; Roberts v. State, 164 Tex. Cr. Rep. 537 301 S.W. 2d 154; Stockwell v. State, 166 Tex. Cr. Rep. 577, 316 S.W. 2d 742; Davis v. State, Tex. Cr. Rep. 167 Tex. Cr. Rep. 524, 321 S.W. 2d 873; Barfield v. State, 168 Tex. Cr. Rep. 7, Tex. Cr. Rep. 323 S.W. 2d 455.

Appellant complains in his brief that a "blotter report," which was not a public record, was admitted in evidence over his objection. We fail to find any such instrument in the record.

The assistant jailer was permitted to testify from such a record that appellant was placed in jail on February 16, 1959, at 2:30 A.M. and released at 5 P.M. the same day. This, the record shows, was the date appellant was taken to his home by the officers who went there to execute the search warrant.

In cross-examination of Officer Chavez appellant elicted from him the fact that on that date he and the other officers removed appellant out of the county jail and took him with them when they went to execute the search warrant, and returned him to the county jail that afternoon.

Having elicited these facts, appellant will not be heard to complain of the jailer's testimony from the record to the same effect. See Mangan v. State, 168 Tex. Cr. Rep. 265, 324 S.W. 2d 849.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

DAVIDSON, Judge, (dissenting).

Appellant's motion for rehearing is overruled without written opinion by a majority of this court.

I am convinced that appellant was deprived of his constitutional right under Art. 1, Sec. 10, of the Constitution of this state, to be confronted by the witnesses against him and that the proof of prior convictions by hearsay testimony violated that constitutional guarantee and constituted a denial of due process under the Fourteenth Amendment to the Constitution of the United States.

My views upon the subject are fully stated in my dissenting opinion in the case of Davis v. State, 167 Tex. Cr. R. 524, 321 S. W. 2d 873.