BOBBY CURTIS WELCH v. STATE

No. 32,665. January 11, 1961

*Sam J. Dwyer,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,* First Assistant District Attorney, *Jack N. Ferguson,* and *Oscar G. Galvan,* Assistants District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for felony theft with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, ten years.

The prosecuting witness, Joseph H. Hill, a used-car-dealer in the city of El Paso, testified that, on the date alleged, the appellant came to his place of business and negotiated with him for the purchase of a 1952 Hudson automobile; that in the transaction appellant signed and delivered a check to him in the amount of $175 drawn on the First State Bank of Abilene in which bank appellant represented he had an account; and that after delivering the check, appellant left with the automobile. The witness testified that he then mailed the check direct to the bank upon which it was 'drawn, that it was returned to him unpaid, and that he had never received any money for the automobile.

It was shown that at the time appellant delivered the check to the prosecuting witness he did not have funds on deposit in the bank with which to pay the same and that his account in the bank had been closed for more than a year.

In proof of the prior conviction alleged, the state offered in evidence certified copies of an indictment, judgment, and sentence in Cause No. 5466, styled The State of Texas v. Bobby Welch on the docket of the district court of Palo Pinto County, which showed that on July 30, 1957, the defendant named therein was convicted of the offense of theft of an automobile of over the value of $50. The state also introduced in evidence certain

authenticated records of the Texas Prison System which included a photograph, fingerprints, and commitment issued in said Cause No. 5466 in the district court of Palo Pinto County.

Deputy Sheriff Roy C. Willim, Identification Officer of the Sheriff's Department of El Paso County whose qualifications as a fingerprint expert were shown, testified that he had made a comparison of certain fingerprints which he had taken of the appellant with the fingerprints contained in the prison records, and, that in his opinion both prints were of one and the same person. He also testified that the photograph contained in the prison records was that of the appellant.

Appellant did not testify or call any witnesses who gave testimony material to the issue of his guilt.

The court submitted the issue of appellant's guilt to the jury under an appropriate instruction upon the law with reference to theft by false pretext.

We first overrule appellant's contention that the evidence is insufficient to sustain the conviction.

The evidence clearly shows that appellant obtained possession of the automobile from the prosecuting witness by the giving of a worthless check.

In the recent case of Dinsmore v. State, 169 Tex. Cr. R. 504, 335 S. W. 2d 612, similar proof was held sufficient to sustain a conviction for theft by false pretext. See also: Westover v. State, 167 Tex. Cr. R. 589, 322 S.W. 2d 279 and Richardson v. State, 169 Tex. Cr. R. 244, 332 S.W. 2d 736.

We find no merit in appellant's contention that the state failed to prove the value of the stolen automobile. The prosecuting witness, Hill, testified that the cash market value of the automobile was "between two and a quarter and three hundred dollars." Such testimony was sufficient to show that the automobile was of the value of $50 and over as found by the jury in their verdict.

We overrule appellant's contention that the court erred in permitting the state to make proof of the prior alleged conviction and in identifying him as the person so convicted by introducing in evidence the certified copies of the indictment, judgment, sentence, and commitment in the prior case, together with the authenticated prison records and the evidence of fingerprint

comparison by the fingerprint expert. Such method of proving a prior conviction has been approved by this Court. See: Handy v. State, 160 Tex. Cr. R. 258, 268 S. W. 2d 182; Stockwell v. State, 166 Tex. Cr. R. 577; 316 S.W. 2d 742; Davis v. State, 167 Tex. Cr. R. 524, 321 S.W. 2d 873; and Barfield v. State, 168 Tex. Cr. R. 7, 323 S.W. 2d 455.

The judgment is affirmed.

Opinion approved by the Court.

McDonald, J., not participating.