## MARION EARL TODD v. STATE

No. 32,892. February 8, 1961

*D. B. Mauzy,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Thomas C. Dunn,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The offense is burglary, with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment under Art. 63, V.A.C.C.P.

The state's evidence shows that the prosecuting witness, Dennis Osborn, lived with his family at 5913 Stones Throw in the City of Houston. Appellant worked for him in his construction business.

Osborn testified that, on the date alleged, when he returned home with his family from a Colorado vacation and drove into the driveway, he saw appellant's automobile backed up to the garage with the trunk lid open and appellant standing inside the garage; that when appellant saw him he ducked through a door into the back yard; that he proceeded to appellant's automobile and observed three guns in the open trunk, being two rifles and a shot gun, which he identified as his guns that he had left locked in a gun case in his home. The witness testified that he then proceeded inside the house and found that a gun case in the den had been broken open and "there were marks on the wood where it had been pried open with some object." He testified that he then discovered that the door of the house between the patio and back yard had been pried open and "there were scratches where it had been pried open." The witness testified that appellant then reappeared on the scene with another of his guns which also was missing and stated that he found it in the back yard; that appellant stated he did not know how the guns got in his automobile and that he had been out hunting for the witness' dog. The witness further testified that he did not give the appellant permission to break and enter his house and take any property therefrom.

It was shown by the testimony of Officer H. L. Sherrouse, who went to the scene and investigated the burglary, that a screw

driver which he removed from the trunk of appellant's automobile matched impressions which were left in the wood on the door of the gun case and the door leading from the den to the bank yard.

In proof of the two prior convictions, the state offered in evidence certain official court records and certain authenticated records of the Texas Prison System. Included in the prison records were certified copies of the indictment, judgment, and sentence in Cause No. 61808, Styled The State of Texas v. Marion Todd, on the docket of Criminal District Court No. 2 of Harris County which showed that on October 17, 1949, the defendant therein was convicted in said court of the offense of burglary and certified copies of the indictment, judgment, and sentence in Cause No. 70168, styled The State of Texas v. Marion Earl Todd, on the docket of Criminal District Court No. 3 of Harris County which showed that on November 3, 1953, the defendant therein was convicted in said court of the offense of felony theft. Also included in the prison records were fingerprints of the convict named therein, Marion Earl Todd, No. 127645.

Officer Jim Ballew of the Identification Division of the Harris County Sheriff's Office, upon being called as a witness by the state, testified that he had taken a set of fingerprints from the appellant which he had compared with the fingerprints contained in the prison records and expressed his expert opinion that they were of the same person.

Proof was made that the two prior convictions were final convictions and that the offense for which appellant was convicted in 1953 was committed after appellant's first conviction in 1949 had become final.

Appellant did not testify.

We first overrule appellant's contention that the court erred in permitting the state to prove the two prior alleged convictions by offering in evidence the authenticated prison records and the expert opinion evidence of Officer Ballew as to his comparison of fingerprints. Such method of proving prior convictions has been approved by this Court. See: Handy v. State, 160 Tex. Cr. R 258, 268 S. W. 2d 182; Stockwell v. State, 166 Tex. Cr. R. 577, 316 S. W. 2d 742; Davis v. State, ....Tex. Cr....., 321 S. W. 2d 873; and Barfield v. State, 168 Tex. Cr. R. 7, 323 S. W. 2d 455. The fact the judgments in the two prior convictions recited both that appellant "waived a jury" and was adjudged guilty "as

found by the jury" did not present such a conflict as to invalidate the judgments. The judgments could have been corrected and reformed on appeal by this court as to such conflicting recitations. Art. 847, V. A. C. C. P. Furthermore, no objection was made by appellant to the admission of the judgments in evidence on such ground. We find no merit in appellant's contention that Officer Ballew was not shown to be qualified as an expert on fingerprints. Officer Ballew testified that he had been in the Identification Section of the Harris County Sheriff's Office for two years; that he had direct training in the department in fingerprint work; that he had received instructions in fingerprints under Lt. Patton and Officer Eddie Knowles, a fingerprint expert in the department; and that he was qualified to make comparisons of fingerprints. Under such testimony, the court did not abuse his discretion in holding Officer Ballew qualified to testify as a fingerprint expert.

We find no reversible error in the court's refusal to grant a mistrial after Officer Lambert, while testifying with reference to the date of the commission of the offense for which appellant was convicted in 1953, volunteered the statement "all of his burglaries dated back about six months." The court instructed the jury not to consider the statement. The court's instruction was sufficient to cure any error therein. Mack v. State, 307 S. W. 2d 588.

Appellant's remaining contention is that the evidence is insufficient to sustain the conviction. With such contention we do not agree. The evidence shows a burglary of the house in question by someone. The proof of appellant's possession of the property recently stolen from the house, under the facts and circumstances shown, is sufficient to support the jury's verdict finding him guilty. 4 Branch's Ann. P.C., 2nd ed., pages 866, sec. 2537 and Bernadett v. State, 166 Tex. Cr. R. 621, 317 S.W. 2d 747.

The judgment is affirmed.

Opinion approved by the Court.