Jack BROUSSARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 34931.

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 9, 1963.

Orville A. Harlan, Houston, on appeal only, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Gus J. Zgourides, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital, life.

The undisputed evidence shows that appellant and one Clyde Sewell were discovered at night in a barber shop, the door of which had been pried open.

The doors to a metal cabinet in the building were open and some shoes, electric clippers and scissors were lying on the floor. Also a large screwdriver was found on the floor.

The owner testified that the articles found on the floor were not there when he locked his place of business; that the screwdriver was not his and that he did not give appellant or Clyde Sewell or anyone else his consent to break and enter the building or to remove property therefrom.

The prior convictions alleged in the indictment for enhancement purposes were proved by records of the Texas Department of Corrections, including certified copies of the judgment and sentence in each cause. Appellant was identified as the defendant in said prior convictions by comparison of the finger prints which were a part of the record in each case and prints taken by the expert witness who testified that the three finger prints were made by the same man.

Appellant challenges the sufficiency of the evidence offered by the state to prove the allegation that the conviction on November 22, 1955, in Fort Bend County, was for an offense committed after the conviction in 1950 became final.

The indictment alleged that the Fort Bend conviction was in Cause No. 7503. Copies of the judgment and sentence in said cause which formed a part of the records of the Texas Department of Corrections were introduced and the district attorney who prosecuted in said Cause No. 7503 testified that it was for an offense committed on October 5, 1955.

There was evidence also that the house of Ben Bezerres was burglarized on October 5, 1955, and the Sheriff of Fort Bend County testified that he investigated such burglary and later attended the trial of the defendant on the 22nd day of October and that the defendant was Jack Broussard. He identified appellant as being such defendant.

We find the evidence sufficient to prove the facts alleged in the indictment.

Appellant urges that the records of the Texas Department of Corrections were hearsay; violated the best evidence rule.

Prior holdings of this Court have set at rest any question as to the admissibility of the records of the Texas Department of Corrections or copies thereof certified by the Record Clerk for the purpose of establishing as an historical fact a prior conviction alleged for enhancement of punishment. Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950; Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154; Davis v. State, 167 Tex.Cr.R. 524, 321 S.W.2d 873; Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620; Barfield v. State, 168 Tex.Cr.R. 7, 323 S.W.2d 455; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182; Smith v. State, Tex.Cr.App., 353 S.W.2d 854.

The judgment is affirmed.