Doyle Howard ROBERTSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 40515.

Court of Criminal Appeals of Texas.

July 12, 1967.

Rehearing Denied Oct. 11, 1967.

Pat McDowell (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Ross Teter, Joe Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, enhanced under Article 62 P.C. by a prior conviction of a felony of like character less than capital, life.

The indictment alleged the robbery of Rudy Bouland on or about October 26, 1965.

Bouland, operator of a drive-in grocery in Mesquite, Dallas County, Texas, and his then employee Bush identified appellant as one of two men who entered the store on October 26, 1965, and robbed Bouland of $270.

Appellant's contention that the evidence identifying him as one of the robbers

is insufficient is without merit. Murry v. State, Tex.Cr.App., 413 S.W.2d 117.

Appellant's remaining grounds for reversal relate to the sufficiency of the evidence and the admissibility of evidence offered at the hearing on the punishment issue.

 He first contends that the evidence is insufficient to show that the prior conviction alleged for enhancement, in paragraph 2 of the indictment, was final before the commission of the robbery charged in the first paragraph of the indictment.

Certified copies of the judgment and sentence identified by a deputy district clerk and introduced in evidence reflect that the judgment was rendered and sentence was pronounced in the prior conviction on March 6, 1964, whereas the robbery charged was committed on October 26, 1965. This was sufficient proof that the prior conviction became final on March 6, 1964, prior to the robbery. Covarrubias v. State, 169 Tex.Cr.R. 288, 334 S.W.2d 187; Goodale v. State, 146 Tex.Cr.R. 568, 177 S.W.2d 211; Ex parte Hayden, Tex.Cr.App., 215 S.W.2d 620.

Appellant's contention that the records from the Texas Department of Corrections and the court records were hearsay and inadmissible is overruled. Gibbs v. State, 169 Tex.Cr.R. 608, 336 S.W.2d 625; Davis v. State, 167 Tex.Cr.R. 524, 321 S.W.2d 873; Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735, 737; Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575; Welch v. State, 170 Tex.Cr.R. 425, 341 S.W.2d 909.

Certified copy of the indictment in the burglary conviction alleged for enhancement furnished the necessary proof that the prior conviction was for an offense of like character as robbery; namely, burglary with intent to commit theft.

Appellant was identified as the defendant in the prior conviction by testimony of an expert in such matters who took finger-prints of appellant and compared them with fingerprints in the prior conviction which, together with certified copies of the judgment and sentence, formed a part of the records of the Texas Department of Corrections.

No error appearing, the judgment is affirmed.