Ernest Leroy **IVEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41084.

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied April 10, 1968.

John W. O'Dowd, John Michael Ille, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Frank Price, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is misdemeanor shoplifting, a prior conviction for a like offense being alleged; the punishment, two years in jail and a fine of $2,000 (Art. 1436e, Sec. 4, Vernon's Ann.P.C.).

The information alleged that appellant was legally in a retail business establishment, to-wit, Rice Food Market, as an invitee and licensee and that he removed from its place in said establishment six cartons of cigarettes of the value of less than $50 which were being kept, stored and displayed for sale in said establishment, with the intent to fraudulently take said property and deprive Harold Carney, the owner thereof, of the value of the same and to appropriate the same to his own use and benefit.

■ Appellant's motion to quash the information, on the ground that it did not point out with sufficient clarity the location of the store where he allegedly committed the offense of shoplifting, was properly overruled. Blankenship v. State, Tex.Cr. App., 390 S.W.2d 767.

■ The contention that the value of each carton of cigarettes should have been alleged is without merit. The value of the six cartons was alleged to be *under* $50.00.

■ The portion of the information alleging a prior conviction of the offense of shoplifting, giving the offense, the date of the conviction, the number of the case and the court in which the conviction was had, was sufficient and the trial court did not err in refusing to quash the information.

In view of other grounds of error we deem it appropriate to summarize the state's evidence.

Harold Carney testified that he was store manager of the Rice Food Market at 9223 Stella Link, located in Harris County, and was so employed and on duty on October 20, 1966; about 9:30 A.M. he observed appellant standing at the cigarette rack and saw him put six cartons of Camel Cigarettes in the shopping type basket he had. He next saw appellant as he was going through an unoccupied check-out stand with nothing in his hands. He and his butcher, Carl Cox, stopped appellant in the parking lot.

Carl Cox testified. that he saw appellant take six cartons of Camel Cigarettes out of his basket and put three cartons in each leg of his carpenter's overalls; saw him go through the unattended check-out stand without paying for the cigarettes, leaving his basket in the aisle. He followed appellant outside the store and stopped him. Appellant was taken back into the store and the six cartons of Camel Cigarettes, still having the tags attached which would have been removed had the cigarettes been paid for, were recovered.

The clothing worn by appellant at the time was described as a pair of baggy carpenter's overalls over a pair of regular Levi's, the legs of the Levi's and the overalls being sewed together a few inches from the bottom.

When asked: "Was the defendant in the store as a licensee and bu*sinessee*?" the witness Cox answered "NO." When asked: "Was he a customer?" he testified, "Yes, he was a customer."

The witness Carney testified that appellant was a customer and not an employee; that, as manager of the store, he had the care, custody and control of not only the cigarettes but all of the items in his store and that he did not give appellant consent or permission to take any of the items from his store.

■ No error is reflected in the action of the court in allowing a state witness to make a drawing of appellant's clothing on a blackboard. The drawing is not before us. The clothing which appellant was wearing at the time was described by the witness and there is nothing in the record to show that the blackboard drawing did more than to clarify the testimony of the witness.

■ The contention that venue was not proved is without merit. The witness Cox testified that the particular Rice Food Market was in Harris County, Texas. Officer Johnson, who found appellant in the storage room when he responded to the call and took him to the police station, testified that the Rice Food Market where he saw appellant was in Harris County, Texas.

■ In the absence of objections in writing, timely filed, as required by Art. 36.14 Vernon's Ann.C.C.P., the grounds of error relating to the court's charge are not before us.

Ground of error No. 6 complains that the state argued: "The items in the store are owned by the store. If it is a corporation, it is owned by the corporation."

This remark was in the closing argument of counsel for the state, after appellant's counsel had argued that the state had not proved that Harold Carney was the owner of "these particular cigarettes," or that appellant was an invitee or licensee, but only that he was "a customer."

Ground of error No. 7 is closely related in that following the overruling of appellant's objection to the above quoted remark

on the ground that it constituted unsworn testimony, counsel for the state requested a charge on "ownership" and the court announced that, in view of the argument of appellant's counsel, he would add to the charge a charge on "ownership" and also a definition of "invitee" and "licensee," which he did over appellant's objection, allowing appellant's counsel time to object and for further argument.

Appellant vigorously objects to the trial court's statement that he would stop the trial and give the additional instructions as a comment upon the weight of the evidence, and to the giving of the "new charge." He complains of the court's remark in the presence of the jury as his ground of error No. 8.

Art. 36.16 V.A.C.C.P. provides in part:

"After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel * * *."

In the jury's absence the court tendered the charge as amended to appellant's counsel for his objections and allowed him an additional five minutes for argument to the jury and, in connection therewith, stated: "I thought the argument you were making to the jury was calculated to mislead them and that is why I amended the charge."

No objections in writing were addressed to the charge as amended. We find no abuse of discretion on the part of the trial court in the matter.

The remaining grounds of error relate to the hearing before the jury on the issue of punishment at which hearing the portion of the information alleging a prior conviction for shoplifting was read and proof was offered to sustain such allegation and to show two prior felony convictions.

The prison records showing such felony convictions, properly certified, were admissible without further predicate. Young v. State, 170 Tex.Cr.R. 498, 341 S.W.

2d 911; Barfield v. State, 168 Tex.Cr.R. 7, 323 S.W.2d 455; Davis v. State, 167 Tex. Cr.R. 524, 321 S.W.2d 873; Stockwell v. State, 166 Tex.Cr.R. 577, 316 S.W.2d 742.

 Fingerprints obtained from appellant in the absence of his counsel while he was in custody were admissible for comparison purposes. De La Rosa v. State, Tex.Cr. App., 414 S.W.2d 668; Platt v. State, Tex. Cr.App. 402 S.W.2d 898.

The judgment is affirmed.