**Ronald Roy CASTILLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 81 035 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 4, 1981.

James DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

On June 2, 1978, appellant, Ronald Roy Castille, was convicted of Retaliation, *V.T. C.A., Penal Code, § 36.06* (1974). He received a probated sentence conditioned that he "commit no offense against the laws of Texas. . . ."

On January 27, 1981, the District Attorney moved for revocation of probation in that appellant violated *V.T.C.A., Penal Code, § 42.07* (1974), Telephone Harassment. The probation was revoked on March 5, 1981, from which appellant seeks this review.

Appellant's first ground of error contends "that the court erred in revoking [his] probation without determining that . . . [he] was the same person that was placed on that court's probation." We note that the first conviction and the revocation of probation was tried before the same judge who stated in the beginning of the revocation hearing: "You can do that later [proof of identity]. If you can't do it I will find it untrue [contention of nonidentity]." See *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), and cf. *Ex parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App.1974). The State presented expert testimony identifying fingerprints taken from appellant in the revocation proceeding to those identifying the person signing "waivers" in the conviction proceeding. Identity may be proved by fingerprints. *McGowen v. State*, 163 Tex.Cr.R. 587, 290 S.W.2d 521 (1956); *Rhodes v. State*, 164 Tex.Cr.R. 407, 299 S.W.2d 153 (1957); *Dozier v. State*, 167 Tex.Cr.R. 84, 318 S.W.2d 80 (1958); *Brown v. State*, 413 S.W.2d 922 (Tex.Cr.App.1967); *Robertson v. State*, 418 S.W.2d 678 (Tex.Cr. App.1967). This ground of error is overruled.

Appellant's second and last ground of error challenges the sufficiency of the evidence to show a violation of Telephone Harassment, *V.T.C.A., Penal Code, § 42.- 07(a)(2)* (1974), which provides:

"(a) A person commits an offense if he intentionally . . .

"(2) threatens, by telephone or in writing, to take unlawful action against any person and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient."

Appellant argues that by the very nature of a desk policeman's job he is subjected to a barrage of calls which would annoy or alarm him; that it is the duty of the police to receive such calls; and that the evidence, if it shows anything, shows a violation of *V.T.C.A., Penal Code § 22.07* (1974), Terroristic Threats (not alleged in the motion to revoke).

William Peck, a patrolman with the Port Arthur Police Department, testified he was "working the desk" on the night of December 30, 1980, and, at approximately 2 a. m., the station received a telephone call answered by an officer Moore. Peck listened to this call on another extension and heard the caller state to Moore that Moore was messing around with the caller's "girl friend," and that he was going to "kick [Moore's] ass." The call lasted for ten minutes, in which the caller was "belligerent" and "cursing." The call was terminated by the officers.

At approximately 2:15 a. m., the caller again called the police station and indicated his intent to go to a stated residence of

someone having the same surname of the "girl friend" of the previous call and that he was going to "kick his ass," stating that as to any police officer attempting to restrain him, he would "kick his ass also." In this call, which was of a duration of thirty minutes, the caller identified himself as "Ronald Castille."

At approximately 2:55 a. m., the caller once again telephoned the police station and stated he was going to assault Peck. He also told Peck to have the person with the surname of the "girl friend" meet him at the Plantation Restaurant in Port Arthur. Officer Peck then instructed officer Moore to telephone the restaurant and ascertain whether someone was talking on the pay phone there. A patrol car was dispatched to the restaurant. Officer Kidwell entered the restaurant and observed appellant talking on the pay phone. Kidwell arrested appellant. Officer Peck listened to appellant's voice during the booking procedure and identified his voice as that of the caller.

The judge in a revocation proceeding is the arbiter of the credibility of the witnesses and the weight to be given their testimony. *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Cr.App.1978). The testimony above set out establishes a violation of *V.T.C.A., Penal Code § 42.07* (1974). See *Collection Consultants, Inc. v. State*, 556 S.W.2d 787 (Tex.Cr.App.1977).

We decline to engraft on this offense a defense of "implied consent" on the part of police officers to accept such calls, and accept threats upon their person with complete forebearance. In so declining, we only accord to police officers the same protection enjoyed under *Section 42.07(a)(2)* by private citizens. This ground of error is overruled. The order of the trial court is affirmed.

AFFIRMED.