## FELL POLK v. THE STATE.

### No. 9333.   Delivered October 7, 1925.

1.—Possession of Mash—Indictment—Several Counts—Held Good.

Where on a trial for possessing mash for the purpose of manufacturing intoxicating liquor, the indictment containing four counts, an objection that each count does not conclude with the words "against the peace and dignity of the state" is not sustained.   This court has held many times that it is sufficient for such conclusion to be made at the end of the indictment.   See Branch's P. C. page 254.   Following Alexander v. State, 27 Tex. Crim. App. 537, and other cases cited.

2.—Same—Search Warrant—Not Necessary.

When objection is raised to the testimony of the sheriff, as to his having found mash and whisky on appellant's premises, because it was not shown that he .had a search warrant, no error is presented, this court having decided against the appellant's contention in the case of Welcheck v. State, 93 Tex. Crim. Rep., 271 and other cases cited.

3.—Same—Evidence—Opinion of Witness—Properly Admitted.

Where a witness was permitted to testify that the liquid found in the jar on appellant's premises, smelled like corn whisky, that he judged it to be corn whisky, and that he had smelled whisky a good many times, no error is presented, and especially in view of the fact that appellant himself, testified that it was whisky.

4.—Same—Continued.

Where the same witness testified that the mash found on appellant's premises could be used to make whisky he was shown to be qualified to give such an opinion having testified that he had caught stills, seen them in operation and from seeing them in operation and catching them he knew that the mash in question could be used to make whisky, no error is presented in the admission of his testimony.

5.—Same—Charge of Court—Several Counts—Election by Judge—Held Proper.

Where an indictment contains several counts, and no election is made by the state, it is proper for the trial judge to submit in his charge, only such count or counts as are supported by the evidence, and no error, in the instant case is presented in the complaint of the court's charge in this respect:

6.—Same—Requested Peremptory Charge—Properly Refused.

Where the evidence adduced upon the trial is sufficient to sustain a conviction, there is no error in refusing a peremptory instruction, though the evidence of appellant may be to the contrary.   This court has often held that the jury is not bound by the testimony of the defendant, even though uncontradicted, and after a careful consideration of the entire record, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Appeal from the District Court of Kaufman County.   Tried below before the Hon. Joel, R. Bond, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Thomas R. Bond,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted, tried and convicted in the district court of Kaufman county for unlawfully possessing mash for the purpose of manufacturing intoxicating liquor and his punishment assessed at confinment in the penitentiary for a term of one year.

The indictment contains four counts, but the court only submitted to the jury the second count, which alleged possession of mash for the purpose of manufacturing intoxicating liquor. Appellant in his motion to quash the indictment, as shown by bill of exception number one, complains of the second count being insufficient because same is surplusage, and fails to charge any offense and because each count in the indictment fails to conclude, "Against the peace and dignity of the State." This count appears to be formal and we fail to find any error therein. It is true, that neither this count nor any of the other counts except the last one concludes "Against the peace and dignity of the State," but this Court has held many times that it is not necessary for each count to so conclude but it is sufficient for such conclusion to be made at the end of the indictment. In Branch's P. C., p. 254, it is stated: "It is not necessary that each count should conclude with the words, 'Against the peace and dignity of the State' if the indictment or information as a whole so concludes." Citing: Alexander v. State, 27 Tex. Crim. App. 537; 11 S. W. 628. Mercer v. State, 52 Tex. Crim. Rep.. 321; 106 S. W. 365, and other decisions.

In bill two, appellant complains because the Court permitted witness, Fred Adams, a deputy sheriff, to testify that he found mash in barrels, whiskey and other things on the premises occupied by appellant, because it was not shown that a search warrant had been sued out, showing authority to search said premises, and that same should be shown before such evidence was admissible. This point has been decided by this Court against the appellant's contention in the cases of Welcheck v. State, 93 Tex. Crim. Rep. 271; Harris v. State, 93 Tex. Crim. Rep. 349; Reynosa v. State, 272 S. W. 452.

In bill of exception No. 3, complaint is made to the action of the court in permitting the witness, Adams, to testify that the liquor found in the jar on appellant's premises, smelled like corn whiskey, that he judged it to be corn whiskey, that he had smelled whiskey

a good many times, because the State had not shown this witness to be an expert, or with sufficient experience to give his opinion. We think this evidence admissible, and the objection would go more to the weight than to the admission of same, besides the appellant admitted that the whiskey found by the officers on his premises was his and there could be no harm done to him by admitting this evidence, under these circumstances anyway.

Bill of exception four, shows complaint to the action of the court in permitting said witness, Adams for the State, to testify that the mash found on said premises could be used to make whiskey, because said witness was not shown to be qualified to give such an opinion. We are unable to agree with this contention. The witness stated that he had caught stills in his life and had seen stills in operation and from catching stills and seeing them in operation in his opinion that mash could have been used to make intoxicating liquor and that the mash in question could be used to make whiskey. This experience we think was a sufficient showing by the State to admit this testimony.

The appellant complains in bill five to the court overruling his motion seeking to require the State's attorney to elect upon which of the four counts in the indictment he would seek a conviction and because the Judge made the election himself. We fail to see any error in this particular, and are of the opinion that it is not only the right but the duty of the trial judge to see that only such count or counts in the indictment should be submitted to the jury that are supported by the evidence. Appellant complains in bill six, that the court erred in not giving a peremptory instruction of not guilty, because there was no evidence that he had the mash in question for the purpose of making whiskey. It is uncontradicted that he had the mash, and the State's witness testified whiskey could be made from it and it was admitted by appellant and testified to by the State's witnesses that he had whiskey in his house, but the appellant contended he purchased the whiskey, and that he had no intention of making whiskey out of the mash and introduced several witnesses who testified they had drunk a liquid given to them by appellant that was not intoxicating. We are of the opinion that the Court correctly overruled said motion for an instructed verdict of not guilty; and left the intention of the appellant to be passed upon by the jury. This court has often held that the jury is not bound by the uncontradicted testimony of the defendant, but can discard his testimony entirely if they see fit.

After a very careful consideration of the entire record, we are of the opinion that the judgment of the trial court should be, and the same is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.