## Ex Parte Gladys Butler.

No. 13729.  Delivered October 15, 1930.
Reported in 31 S. W. (2d) 827.

The opinion states the case.

*R. V. Solomon* of La Grange, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Near the close of the term of court ending in June, 1930, an order was made requiring the Sheriff of Fayette County to show cause, if any, why the relator, Gladys Butler, a negro girl, should not be released from custody.  The matter was set for hearing on the 8th day of October, 1930.

The facts, as understood, are in substance as follows:  On the 25th day of May, 1928, the relator was adjudged a juvenile delinquent and sentenced to confinement in the Girls' Training School of the State of Texas for a period of three years, five months and one day.  She was confined in jail for two years, and upon the application for a writ of habeas corpus, was released on bail in the sum of One Hundred Dollars, pending the final judgment in the habeas corpus proceeding.

In the year 1913 there was passed a law authorizing the establishment of a Girls' Training School. In the Acts of the 40th Legislature, Chap. 293, which became effective ninety days after March 16, 1927, there was passed a law creating the State Training School for Delinquent Colored Girls. It is made to appear by the averments in the application, which are not controverted, that the act of the Legislature last mentioned has remained dormant for want of appropriation. The law authorizes and directs the establishment of the institution, but in fact it has never been established.

The relator, in her brief, attacks the validity of the judgment of conviction. However, the judgment is not regarded as void. We do not feel authorized to treat it as a nullity. The criticism of the procedure in the appellant's brief cannot be considered for the reason that no appeal was prosecuted from the judgment and this court is without jurisdiction, in a collateral proceeding, to set aside a judgment for irregularities in the trial. However, inasmuch as the institution to which the judgment should rightfully have directed the confinement of the relator is not in fact an entity, we are constrained to continue in force the order heretofore made, granting relator bond with the modification that relator shall not be held amenable to the judgment after the expiration of the term of her conviction set forth in the original judgment, but within that time may be retaken by the authorities and confined in the State Training School for Delinquent Colored Girls, provided such institution becomes available under the provisions of Chap. 293, to which reference has been made above.

*Relator remanded.*