ROBERT TOONE V. THE STATE.

No. 21942.  Delivered March 4, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

*T. B. Bartlett, Jr.,* of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant, under the provisions of Art. 63, P. C., was assessed a penalty of life imprisonment in the State penitentiary, as an habitual offender, for the offense of forgery.

The sufficiency of the evidence to support the conviction is not seriously challenged.

Appellant contends that the indictment supporting one of the prior convictions relied upon by the State to enhance the punishment was defective, and that, therefore, there was not, and could not have been, a prior valid conviction of appellant under such indictment. The rule is well-established that a judgment of conviction not appealed from cannot be set aside in collateral proceedings for irregularities in the trial. Ex parte Butler, 31 S. W. (2d) 827, 116 Tex. Cr. R. 134; Ex parte Holland, 238 S. W. 654, 91 Tex. Cr. R. 339. The rule is deemed applicable and controlling here. The judgment by reason of the defect in the indictment was not void. Moreover, the judgment shows that appellant pleaded guilty to the offense charged.

Appellant asserts that it was error for the trial court to refuse to permit him to argue to the jury the question of punishment, as also his defense. In such a case as here presented, the question of punishment is not for the jury. The punishment was fixed by the statute mentioned. It is the province of the jury, in such cases, to determine only the guilt or innocence of the accused. Wilson v. State, 139 S. W. (2d) 598, 139 Tex. Cr. R. 327; Haro v. State, 105 S. W. (2d) 1093, 132 Tex. Cr. R. 507.

The facts fail to reflect any defense to the State's case. There was, therefore, no defensive issue.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant insists that he had not been properly convicted in Cause No. 1992 in Falls County because of a claimed defect in the indictment. This was one of the former convictions alleged to be a similar offense to that for which he was on trial. We think the original opinion correctly discussed the law and nothing new on this question is raised in the motion.

Appellant strenuously insists that he had a right in the trial of this case to have his attorney tell the jury that the result of their conviction would be life imprisonment and he refers to Chapman v. State, 147 S. W. 580, as authority for this contention. We have given serious consideration to this question and, while the distinction is not easily made, yet, we do believe that we are not overruling or modifying the Chapman opinion in sustaining the ruling of the court in this case.

Counsel did not seek to discuss the law of any issue involved in the case. He only sought to inform them of the result of the law and the only conceivable effect which it might have would be to cause the jury to weigh the evidence more carefully in favor of appellant or perhaps to revolt at the severe penalty of the law and refuse to follow it. It will be presumed that the jury did their duty in considering the evidence before them. The

facts amply justify their verdict of guilt. In fact, no other reasonable conclusion could have been reached if they believed the State's evidence. The penalty is fixed by law and not by the jury's verdict. No party has a right to bring before the jury a matter either of law or of fact for the purpose of causing them to rebel against the law and refuse to follow it and, consequently, the second conceivable purpose will not be recognized.

The motion for rehearing is overruled.