James Ronald PREBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 36339.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Feb. 5, 1964.

John M. Anderson, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., R. J. Adcock, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to murder with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Robert Trevino and his brother-in-law, Cruz Vallejo, testified that as they were leaving a dance on the night in question and as they approached Robert's automobile, they observed a man seated in the driver's seat and another man on the floor board of the front seat; the man under the wheel fled, but the appellant, who was on the floor board, remonstrated and was ejected. As they prepared to leave, appellant returned to their automobile armed with a shotgun and demanded their money. Cruz got out of the automobile and approached him as if to surrender his belongings, but instead grabbed the barrel of the shotgun, and a fight between the three of them over the gun ensued. During the course of this fight appellant fired the gun and Robert was seriously injured. Cruz continued to fight with appellant over the possession of the gun until the police arrived, placed the two under arrest and sent Robert to the hospital.

Officer Payne testified that when he arrived upon the scene Cruz told him that appellant was trying to steal their automobile, while appellant charged Robert and Cruz with trying to steal his motor vehicle. He

further testified that the "wing glass" had been broken out of Robert's automobile.

The prior convictions alleged were established. Appellant testifying in his own behalf denied that he was accompanied by anyone else on the night in question and stated that he had come upon Robert and Cruz looking in the open turtle back of his own automobile which was parked on the same parking lot, that he instructed them to leave, which they did, but that as he was preparing to leave they returned armed with what appeared to be an iron pipe, but which he later determined to be a shotgun, and that a struggle ensued. He stated that he acted in his own self defense against an attack made upon him by Robert and Cruz with the instrument in question and that they were the aggressors. His claim was that the gun was fired accidentally during the course of the fight, or at least that he did not fire the same. He admitted the prior convictions as well as many others and called his father, who testified that at times appellant "goes off the deep end and really don't know what he is doing."

■ The above, we believe, are the salient facts in the case, and it was within the province of the jury to believe the State's witnesses and to disbelieve appellant. We find the evidence sufficient to sustain the conviction.

■ We shall discuss the contentions advanced by brief on appeal. Appellant first contends that the court erred in instructing him not to argue the question of punishment under Article 63, Vernon's Ann. P.C. This Court has held in Stockwell v. State, 166 Tex.Cr.R. 577, 316 S.W. 2d 742, and Toone v. State, 144 Tex.Cr.R. 98, 161 S.W.2d 90, that such instruction was not error.

■ He next contends that the court erred in failing to define in his charge the term assault and in failing to instruct the jury on the law of aggravated assault. These questions were sought to be raised in two ways. His requested charges, filed at the time of the trial, do not contain appellant's exception over the signature of the judge, and under the holding of this Court in Carpenter v. State, 171 Tex.Cr.R. 65, 345 S.W.2d 412, the question is not presented for review. By bills of exception filed 148 days after the giving of notice of appeal, the same questions are presented. Under the holding of this Court in Fowler v. State, 171 Tex.Cr.R. 600, 352 S.W.2d 838, the trial judge was without the authority to extend the time for filing the bills of exception after the expiration of the 90 days provided in Article 760d Vernon's Ann.C.C.P., and the questions are therefore not before us for consideration. We note in passing that the defense raised was that of self defense or accident and the issue of aggravated assault was not raised.

■ Appellant's last contention is that the court erred in refusing to grant a mistrial when the State asked appellant's father if some of appellant's companions (Bucky Smith and Lee Crow) had been convicted for murder. The court ultimately sustained the objection to the question, but declined to grant the mistrial. In order to determine if error is reflected by the above, the entire record must be examined. Appellant voluntarily testified that his parole in another case (not set forth in the indictment) had been revoked because he had been found guilty of associating with "disreputable characters"; he further testified that he had been arrested as many as five times in one week. His father testified affirmatively without objection that appellant had been running around with some pretty bad characters, among them one Bucky Smith and one Lee Crow, whom he would not allow appellant to bring to his home. He further testified that appellant hadn't had time to get married because he had been in the penitentiary so much.

Gandy v. State, 137 Tex.Cr.R. 412, 129 S.W.2d 661, relied upon by appellant, can have no application here because the person whose misconduct was inquired about was not on trial.

It should be noted that the questions were not asked in bad faith, because the father stated before the objection was sustained that he knew that the two named companions of appellant had been so convicted.

In view of all this evidence introduced without objection as to appellant's association with bad characters, we are unable to find reversible error in the asking of the questions where the jury were instructed not to consider the question and the answer.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.