**Charles Allen BUHL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37932.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Robert L. Penrice, Waco, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft with two prior convictions alleged for enhancement; the punishment, life.

The witness McDaniel, a checker in a food store in Fort Worth, testified that on the afternoon of the day in question while checking out a customer, she heard an unusual noise, attempted to close her cash register, was unable to do so, observed a hand being withdrawn from her check stand and then saw appellant who was in the alley-way of the next stand and who had money in his hand. When she accused appellant of taking her money, he denied that he had done so. When the manager arrived at the check stand and heard McDaniel's accusation and appellant's denial, he stated that it would be necessary to check the register to determine if it was short and instructed appellant to remain until he had done so, but appellant ran out of the store.

Mrs. King, the checker in the stand adjacent to Mrs. McDaniel's, corroborated her testimony and also identified appellant.

Manager O'Neal and Assistant Manager Miller testified that when they arrived at the check stand in answer to Mrs. King's call and heard Mrs. McDaniel's accusation, appellant was instructed to wait until the cash register could be checked, but that as they

prepared to do so, appellant fled from the store, and they gave chase. During the chase appellant threw something onto a vacant lot. Within a block and through the assistance of a filling station attendant, appellant was captured and returned to the spot where he had thrown an object, and $60.00 was recovered. Upon their return to the store, a check of the cash register revealed that it was short $75.00.

The prior convictions and appellant's identity as being the person convicted in the prior cases were established in the manner approved by this Court in Broussard v. State, Tex.Cr.App., 363 S.W.2d 143, and the cases there cited.

Appellant did not testify in his own behalf, but called his mother, who stated that on the night before the day in question she had given the appellant $20.00 with instructions to purchase an item which cost $1.65, but that when she returned home appellant was gone and had not left any change.

We find the evidence sufficient to support the conviction and will discuss the contentions advanced by brief and in argument.

He first contends that the court erred in permitting the State to prove the two prior convictions before the finding of guilt on the primary offense. Appellant did not offer to stipulate to the prior convictions in the absence of the jury as was discussed and approved by this Court in Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Ex Parte Reyes, Tex.Cr.App., 383 S.W.2d 804; McDonald v. State, Tex.Cr.App., 385 S.W. 2d 253, and we adhere to our holding in Crocker v. State, Tex.Cr.App., 385 S.W.2d 392.

He next contends that the court erred in instructing counsel not to discuss the question of punishment with the jury. Such contention was by this Court decided adversely to appellant in Preble v. State, Tex. Cr.App., 374 S.W.2d 444, and the cases there cited.

He contends that the court erred in failing to sustain his motion to quash the indictment. Though not properly before us for review, since it was not shown to have been presented to the court prior to announcement, we do find that it does allege that this appellant was convicted in one of the prior convictions under the name of Charles Allen Bull.

He further contends that the indictment is fatally defective because the primary paragraph concluded with the statutory phrase "against the peace and dignity of the state." While it is true that we observed in Hagler v. State, 161 Tex.Cr.R. 223, 276 S.W.2d 269, that making such recitation more than once in an indictment was neither necessary nor good pleading, we have been cited no case and are aware of none which holds that a dual recitation of such phrase would render the indictment fundamentally defective.

Finding no reversible error, the judgment is affirmed.