**Charles Edward FRANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48987.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Sol Casseb, III, San Antonio, for appellant.

Ted Butler, Dist. Atty., E. Dickinson Ryman and Josephine M. Hall, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant waived his right to a trial by jury and entered a plea of guilty before the court to the first count of an indictment which alleged he committed the offense of burglary of a private residence at night with the intent to commit theft; the punishment assessed was imprisonment for five years. The appellant asserts that his conviction must be set aside because his plea of guilty was accepted when he had not been advised of his constitutional rights and because the indictment was fatally defective.

The appellant contends that the trial court erred in accepting his plea of guilty without advising him of his right to be free from compulsory self-incrimination and without advising him of his right to be confronted by the witnesses against him. Although the transcript of the court reporter's notes does not show that the court orally advised the appellant of these two rights, there is in the record a written instrument signed by the appellant and his counsel reciting that the appellant understood his rights and that he voluntarily waived his state and federal constitutional rights including the privilege against self-incrimination and the right to be confronted by and to cross-examine witnesses against him. The record also contains a certificate in which appellant's trial counsel certified he had advised the appellant of these rights, and a written statement signed by the trial judge stating that appellant understood the waiver. The record, therefore, is not silent. It shows affirmatively that the appellant was aware of these constitutional rights before he entered his plea of guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), on which the appellant relies, involved a silent record where there was no showing that the guilty plea was intelligently and voluntarily entered.

In United States v. Frontero, 452 F.2d 406 (5th Cir. 1971), the court considered a contention that the defendant should have been informed that his plea of guilty constituted a waiver of his right to confront his accusers and of his privilege against compulsory self-incrimination and said:

> "This court is, . . . aware of no precedent from the Supreme Court, or elsewhere, . for the proposition that due process requires that the defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a 'consequence', within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted.

> " . . . .

> "We do not read Rule 11 as requiring this; nor do we feel that due process requires this."

See also Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972).

The appellant argues that the indictment was fatally defective because it did not allege that the offense was committed "against the peace and dignity of the State" in compliance with Section 12, Article V of the Texas Constitution and Article 21.02, Section 8, Vernon's Ann.C.C.P. At the trial the State waived and abandoned the last count of the two count indictment. The concluding phrase of the indictment separated from the second count by a comma was "against the peace and dignity of the State." The appellant contends that the State in abandoning the second count of the indictment also abandoned this phrase and rendered the indictment void. It was pointed out in Hagler v. State, 161 Tex.Cr.R. 223, 276 S.W.2d 269 (1955), that it is not necessary and it is not good pleading to make the recitation "against the peace and dignity of the State" more than once in the indictment. It is proper to insert this concluding phrase following all of the counts of the indictment. Alexander v. State, 27 Tex. App. 533, 11 S.W. 628 (1889). See also Polk v. State, 101 Tex.Cr.R. 404, 275 S.W.

1003 (1925); Nabors v. State, 137 Tex.Cr.R. 465, 131 S.W.2d 962 (1939). Recently in Finklea v. State, 481 S.W.2d 889 (Tex.Cr.App.1972), a similar question was raised and rejected. There, the first paragraph in an indictment alleged the unlawful possession of marihuana. Subsequent paragraphs alleged prior convictions for enhancement of punishment under the provisions of Article 63, Vernon's Ann.P.C. The mandatory constitutional and statutory provision for the conclusion of an indictment followed the second and third paragraphs which were abandoned at the time of trial. The appellant argues that Finklea v. State, supra, can be distinquished because the phrase there was printed on the form, whereas here, the phrase was typewritten, and because the indictment there consisted of separate paragraphs alleged for enhancement purposes, whereas here, the indictment consists of separate counts charging two distinct offenses. We find these arguments to be unpersuasive.

The judgment is affirmed.

Opinion approved by the Court.