Occie Hewitt TATE, Appellant,

v.

STATE BAR of Texas, Appellee.

No. 01–94–00733–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1996.

Rehearing Overruled March 21, 1996.

Isaac Henderson, Houston, for Appellant.

Shawn Casey, Houston, Linda A. Acevedo, Austin, for Appellees.

Before OLIVER–PARROT, C.J., and MIRABAL and WILSON, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a disbarment judgment against appellant Occie Hewitt Tate. We affirm.

On March 17, 1990, appellant, while driving his truck, struck a curb, crossed two lanes of traffic, crossed a median in the street and hit three young boys. Two of the boys were seriously injured; the third died. Appellant left the scene of the accident. After he was located, appellant denied involvement at first. But days later, he admitted his connection to the accident in a written statement given to the police.

On July 10, 1990, appellant was indicted on three counts of failure to stop and render assistance, an offense under TEX.REV.CIV. STAT.ANN. art. 6701d, §§ 38, 40 (Vernon 1977).[1] On February 15, 1991, appellant entered a plea of nolo contendere.

On June 14, 1991, the trial court sentenced appellant to four-years confinement and fined him $2500. The judgment of the district court states that appellant's conviction was for a felony offense.

On November 11, 1991, The State Bar filed a petition seeking appellant's disbarment due to his conviction for failure to stop and render assistance. The proceedings were brought pursuant to TEX.GOV'T CODE ANN. § 81.078 (Vernon 1988) and State Bar Rules, art. X, § 26.[2] On June 14, 1994, the district court permanently disbarred appellant.

■ In his first point of error, appellant asserts the trial court erred in finding that the offense of failure to stop and render assistance is a felony as a matter of law.

The judgment of conviction from the criminal proceeding *stated that appellant's conviction was for a felony offense.* As required in a disbarment proceeding, the trial court accepted the record of conviction as conclusive evidence of the guilt of the appellant for the crime of which appellant was convicted. State Bar Rules, art. X, § 26(C).

We note that appellant has already unsuccessfully appealed his criminal conviction. *Tate v. State,* 834 S.W.2d 566 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Appellant is not entitled to collaterally attack his felony conviction in the disbarment proceeding. *See Texas Dep't of Pub. Safety v. Richardson,* 384 S.W.2d 128, 132–33 (Tex.1964); *Toone v. State,* 144 Tex.Crim. 98, 161 S.W.2d 90, 91 (1942).

We overrule appellant's first point of error.

■ In his second point of error, appellant asserts the trial court erred in finding that the offense of failure to stop and render assistance involves moral turpitude as a matter of law.

■ Disbarment is mandatory if appellant's conviction is for a felony involving moral turpitude. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 831–32 (Tex.1980); State Bar Rules, art. X, § 26(B), (F). Both parties

---

1. Act of 1947, 50th Leg., R.S., ch. 421, 1947 Tex.Gen.Laws 967, *repealed by* Act of April 21, 1995, 74th Leg., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1870, 1871.

2. State Bar Rules, art. X, § 26 was repealed effective May 1, 1992, by Order of the Supreme Court, except to the extent it applies to then-pending disciplinary matters, as here. *See* TEX.R.DISCIPLINARY.P. 1.04 (1992), *reprinted in* TEX GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1996).

agree that the question whether an offense involves moral turpitude is a question of law, and is to be determined by a consideration of the nature of the offense as it bears on the attorney's moral fitness to continue in the practice of law. *In re Thacker,* 881 S.W.2d 307, 309 (Tex.1994); *In re Humphreys,* 880 S.W.2d 402, 407 (Tex.1994). Crimes involving moral turpitude are those that involve dishonesty, fraud, deceit, misrepresentation, deliberate violence, or that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. *Duncan v. Board of Disciplinary Appeals,* 898 S.W.2d 759, 761 (Tex.1995); *Humphreys,* 880 S.W.2d at 408.

■ The elements of the involved offense, failure to stop and render assistance, are:

1. a driver of a vehicle

2. involved in an accident

3. resulting in injury or death of any person

4. intentionally and knowingly

5. fails to stop and render reasonable assistance.

*Steen v. State,* 640 S.W.2d 912, 915 (Tex. Crim.App.1982); Tex.Rev.Civ.Stat.Ann. art. 6701d, § 38(b) (Vernon 1977).[3] The offense, by its very nature, is an "intentional crime". However, not every "intentional crime" is a crime of "moral turpitude" *per se. Turton v. State Bar of Texas,* 775 S.W.2d 712, 717 (Tex.App.—San Antonio 1989, writ denied). In *Turton,* the court held that the crime of aggravated assault with serious bodily injury does not, *per se,* involve moral turpitude, even though an element of aggravated assault is intentional or knowing conduct. *Id.;* Tex.Penal Code Ann. §§ 22.01, 22.02 (Vernon 1994 & Supp.1996). Therefore, the court held that a factual inquiry into the circumstances of the offense was required to determine whether the offense was one involving moral turpitude, noting that "in this kind of case involving disciplinary action, the trier of fact should examine the totality of the circumstances, including any mitigating circumstances." *Turton,* 775 S.W.2d at 717.

■ In the trial court, the State Bar took the position that the crime of failing to stop and render assistance is *not* a crime involving moral turpitude *per se.* We agree with the State Bar. For example, a defendant could make the conscious choice to proceed to the hospital with his wife who is in late stages of labor rather than stop to render aid after being involved in a serious accident; such mitigating circumstances could be relevant to a trier of fact in determining whether the defendant acted with "moral turpitude", *i.e.,* whether his actions reflect adversely on his moral fitness to continue in the practice of law.

■ In cases such as this, the trier of fact should consider the circumstances surrounding the commission of the crime, and should review the record from the underlying criminal proceeding. *Duncan,* 898 S.W.2d at 760, 762; *Turton,* 775 S.W.2d at 717. That is exactly what occurred in the trial court in this case.

At trial, the State Bar introduced into evidence the following portions of the record from the underlying criminal proceeding: (1) the offense report; (2) the indictment; (3) the pre-sentence investigation report; (4) the statement of facts from the pre-sentence investigation hearing; (5) the judgment of conviction on appellant's plea of nolo contendere; and (6) the docket sheet. Appellant himself took the stand and testified regarding the circumstances surrounding the offense. The trial court made the following findings of fact and conclusions of law after hearing all the evidence:

*FINDINGS OF FACT*

\* \* \* \* \* \*

6. The accident in question was caused by the failure of Respondent Occie H. Tate to drive in a single lane of traffic; Respondent Occie H. Tate was north bound on Cullen in the right hand lane and struck the right curb; Respondent Occie H. Tate crossed over both north bound lanes, struck the left curb, crossed the median striking Marcus Williams, James McCor-

---

3. Act of 1947, 50th Leg., R.S., ch. 421, 1947 Tex.Gen.Laws 967, *repealed by* Act of April 21, 1995, 74th Leg., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1870, 1871).

mick and Bennie McCormick in the median; Respondent Occie H. Tate crossed the south bound lanes, hit a speed limit sign and a tree.

7. Police were called at 7:45 p.m. and were advised of the wreck and that the driver had left the scene.

8. The police arrived at 7:53 p.m. and confirmed that Respondent Occie H. Tate was not present but had abandoned the truck at the scene.

9. Police discovered a beer can and liquor flask by the truck, believed to have fallen out of the truck when the door was opened following the collision.

10. The police traced the vehicle to Mr. Tate's residence at 3514 Prudence, Houston, Texas; police went to this address at 9:40 p.m. and initially spoke to Respondent's son who confirmed Mr. Tate's ownership of the vehicle at the accident scene.

11. Respondent Occie H. Tate arrived and told the Houston Police Department that the truck had been stolen from his law office.

12. Respondent Occie H. Tate's condition at that time was stiff movement, favoring his right leg, scuff marks on his right pants leg, blood-shot eyes, slurred speech, and defensive mannerisms.

13. James McCormick, age 9, suffered the following injuries as a result of being struck by Mr. Tate's truck: extensive head injuries, broken ribs, bleeding on the brain, collapsed lung, broken pelvis bone, broken legs, and slight brain damage.

14. Bennie McCormick, age 17, suffered the following injuries as a result of being struck by Mr. Tate's truck: internal bleeding, head injuries, broken wrist, and broken leg.

15. Marcus Wiliams, age 14, suffered the following injuries as a result of being struck by Mr. Tate's truck: extensive head injuries, broken ribs, broken legs, left lung injury, cardiac arrest, and death as a result of blunt trauma to the head.

16. On or about February 15, 1991, Respondent Occie H. Tate pled *nolo contendere* to the three counts of the offense of failure to stop and render assistance in Case No. 563731; *State of Texas v. Occie H. Tate* in the 180th Judicial District Court of Harris County, Texas.

17. Following a pre-sentence investigation and pre-sentence hearing, June 14, 1991, Respondent Occie H. Tate was sentenced to four years in the Texas Department of Criminal Justice and assessed a fine of $2,500.00.

\* \* \* \* \* \*

### CONCLUSIONS OF LAW

\* \* \* \* \* \*

2. Respondent Occie H. Tate, having pled *nolo contendere,* has been convicted for purposes of State Bar Rules Article 10 § 26, of a felony involving moral turpitude, which is a serious crime as defined by State Bar Rules Article 10 § 26(B).

3. Respondent Occie H. Tate should be disbarred. State Bar Rules Article 10 § 26(F).

We hold that appellant was afforded the type of hearing required under *Duncan* and *Turton,* and that the record supports the trial court's findings of fact and conclusions of law.[4] Accordingly, we overrule appellant's point of error two.

We affirm the judgment.

---

4. We particularly note that appellant initially told the police his truck had been stolen rather than accept responsibility for his actions.