In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00057-CR
______________________________


ADAM ALONZO NARANJO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 262nd Judicial District Court
Harris County, Texas
Trial Court No. 916339


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Adam Alonzo Naranjo was convicted in the single trial of two separately indicted cases, both
of which charged Naranjo with aggravated sexual assault. This appeal concerns his conviction for
aggravated sexual assault under trial cause number 916339. The causes were appealed separately,
but briefed together. 
            Since the briefs and arguments raised therein are identical in each appeal, for the reasons
stated in Naranjo v. State, No. 06-03-00056-CR, we affirm the trial court's judgment.
 
 
                                                                        Jack Carter 
                                                                        Justice
 
Date Submitted:          February 18, 2004
Date Decided:             March 9, 2004

Do Not Publish




 notice and opportunity to respond
violates the inmate's right to due process. Id. at 942; see also Daniels v. Williams, 474 U.S. 327, 331
(1986) ("By requiring the government to follow appropriate procedures when its agents decided to
'deprive any person of life, liberty, or property,' the Due Process Clause promotes fairness in such
decisions."); Hurtado v. California, 110 U.S. 516 (1884) (Due Process Clause "intended to secure
the individual from the arbitrary exercise of the powers of government"). A defendant, however,
may also affirmatively, voluntarily, and knowingly waive any rights afforded to him or her--even
constitutional due-process rights. Wheeler v. State, 628 S.W.2d 800, 802 (Tex. Crim. App. 1982);
Franks v. State, 513 S.W.2d 584, 585 (Tex. Crim. App. 1974). The record before us shows Doyle
affirmatively, intelligently, voluntarily, and knowingly waived his right to contest any future
garnishment proceeding to collect fees, costs, and fines connected with his underlying criminal
conviction. While Doyle now claims his waiver regarding garnishment was involuntary, the record
before us refutes such a claim. 

 We conclude Doyle's voluntary waiver of his due-process right to notice and opportunity to
contest the garnishment proceeding precludes this Court from granting the requested relief. Cf.
Moore v. State, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007) (discussing other plea agreement
provisions that have been included and requiring such contract be binding as to all aspects of
agreement absent evidence agreement was made unknowingly or involuntarily). We deny the
petition for writ of mandamus.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 23, 2008

Date Decided: September 24, 2008