DENNIS, Circuit Judge,
dissenting:
I respectfully dissent.
The majority holds that Garcia-Maldonado’s conviction for the offense of failure to stop and render aid[1] under Texas law is a crime involving moral turpitude that renders him ineligible for relief under former section 212(c) of the Immigration and Nationality Act. To reach that result, however, the majority incorrectly applies the categorical approach that this court employs to determine whether an offense is a crime involving moral turpitude for immigration purposes and disregards relevant Texas case law. Because a correct application of the categorical approach that respects the Texas state courts’ interpretation of Texas law compels the conclusion that failure to stop and render aid is not categorically a crime involving moral turpitude, I must dissent.
To determine whether an offense is a crime involving moral turpitude for immigration purposes, this court uses a categorical approach, under which we look to the nature of the offense, rather than the actual facts surrounding the petitioner’s conviction. When applying the categorical approach, “we read the statute at its minimum, taking into account the minimum criminal conduct necessary to sustain a conviction under the statute.” Amouzadeh v. Winfrey, 467 F.3d 451, 455 (5th Cir.2006) (internal quotation marks omitted). If the statute can be violated by conduct that does not involve moral turpitude, then the offense is not a crime involving moral turpitude for immigration purposes. See id. (“[I]f the orbit of the statute may include offenses not inherently entailing moral turpitude, then the crime is not a crime involving moral turpitude.” (internal quotation marks omitted)); Hamdan v. INS, 98 F.3d 183, 187 (5th Cir.1996) (“[I]f a statute encompasses both acts that do and do not involve moral turpitude, the *292 BIA cannot sustain a deportability finding on that statute.”).
If, however, the statute of conviction contains multiple subsections, some of which encompass only conduct involving moral turpitude and some of which do not, this court may look to the record of the petitioner’s conviction for the limited purpose of determining whether the petitioner was convicted under a section of the statute that constitutes a crime involving moral turpitude. See Amouzadeh, 467 F.3d at 455; see also Larin-Ulloa v. Gonzales, 462 F.3d 456, 464 (5th Cir.2006); Omari v. Gonzales, 419 F.3d 303, 308 (5th Cir.2005).
In this case, as the majority points out, the statute under which Garcia-Maldonado was convicted, Tex. Transp. Code Ann. § 550.021, contains discrete subsections that prohibit different types of conduct, ranging from failure to provide an address or insurance information to failure to render aid to an injured person. The majority therefore looks to the record of Garcia-Maldonado’s conviction and determines that he was convicted of failure to stop and render aid to an injured person. To this point, I have no serious disagreement with the majority’s analysis.[2]
The majority’s crucial error is at the next step of its analysis. The majority concludes that failure to stop and render aid is “intrinsically wrong,” “morally reprehensible and contrary to the accepted rules of morality in our society,” and is therefore a crime involving moral turpitude. The majority’s pronouncement has a visceral appeal to it, and were this court considering the issue on a blank slate, I might be more willing to agree with it. But we do not write on a blank slate. A published decision of a Texas appellate court has plainly stated that failure to stop and render aid “is not a crime involving moral turpitude per se.” Tate v. State Bar of Texas, 920 S.W.2d 727, 729 (Tex.App.—Houston [12th Dist.] 1996, writ denied). Tate involved an attorney disbarment proceeding,[3] and the court was presented with the question of whether failure to stop and render aid to an injured person — the same offense for which Garcia-Maldonado was convicted — is a crime involving moral turpitude. The Tate court squarely concluded that this crime does not per se involve moral turpitude, because a person could commit the offense under circumstances that do not involve moral turpitude. Id. at 729.
The majority acknowledges Tate, but ultimately determines that Tate is irrelevant to our inquiry under the categorical approach because the Texas court went on to look at the underlying facts to determine whether the offense was a crime involving moral turpitude.[4] What the majority fails to recognize, however, is that the Tate court’s threshold inquiry into whether failure to stop and render aid involves moral turpitude per se is functionally identical to *293 our categorical approach. Accordingly, Tate is highly relevant to, if not dispositive of, our inquiry. The majority’s failure to recognize this leads it to reach a result that demonstrably conflicts with the Tate court’s interpretation of its own law.
As an intermediate appellate court decision, Tate, of course, does not bind us absolutely. But it is highly relevant, persuasive authority that strongly indicates that the Texas courts do not view failure to stop and render aid as a per se crime involving moral turpitude. Absent a substantial reason for departure, which the majority has not provided, I would respect and adhere to the Tate court’s interpretation of Texas law, and I would conclude that, under the Texas statute, failure to stop and render aid is not categorically a crime involving moral turpitude. Accordingly, I would reverse the decision of the Board of Immigration Appeals and remand for further proceedings.

. As the majority explains, Tex. Transp. Code Ann. § 550.021 provides that a person involved in an accident that results in injury or death to a person must stop and remain at the scene of the accident until he or she complies with the duties set out at Tex. Transp. Code Ann. § 550.023, which include providing reasonable assistance to any person injured in the accident. See id. § 550.023(3). I do not take issue with the majority's conclusion that Garcia-Maldonado was convicted of failing to comply with the duty to stop and render aid to an injured person.

. Because, as I explain below, failure to stop and render aid, the most serious offense encompassed within section 550.021, is not regarded by Texas courts as a crime involving moral turpitude, it is technically unnecessary for the majority to look to Garcia-Maldonado’s record of conviction to determine which subsection of the statute formed the basis for his conviction.

. Under Texas law, disbarment is mandatory if an attorney is convicted of a felony involving moral turpitude. Id. at 728.

. The Tate court ultimately concluded that the actions of the attorney in that case did, in fact, involve moral turpitude, because, in contrast to this court’s categorical approach, Texas courts are permitted to consider the facts underlying the conviction when determining whether a conviction involves moral turpitude. Id. at 729-30.