

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00094-CV
_____

IN RE:
CHARLES EDWARD DOYLE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Unhappy to have $106.66 withdrawn from his inmate trust account, Charles Edward Doyle asks this Court to order the Honorable Scott McDowell to withdraw an order permitting the Texas Department of Criminal Justice–Institutional Division (hereinafter the Department) to garnish Doyle's inmate trust account. Contrary to Doyle's contention, we conclude that the record before us shows the trial court's order does not violate Doyle's due-process rights, that he had fair notice of the State's intent to garnish his inmate trust account *before* he pled guilty under a negotiated plea agreement in the underlying case, and that he affirmatively waived his right—"in any manner"—to challenge such garnishment as a part of that underlying plea agreement. Accordingly, we deny Doyle's petition for writ of mandamus.

The record before us shows Judge McDowell issued an order permitting the Department to garnish Doyle's inmate trust account. Doyle contends in his writ petition that about $106.66 has been deducted from his inmate trust account since the trial court issued this order. Doyle contends the trial court issued its garnishment order without first providing notice to Doyle and without also providing him an opportunity to be heard on the issue of garnishment.

At our request, the State filed a response to Doyle's petition. Included in that response is a copy of the written plea admonishments given to Doyle at the time of his February 11, 2008, guilty plea in the underlying felony case. Section eighteen of those written admonishments provides,

> Upon court order, the Texas Department of Criminal Justice (hereinafter "the Department") may withdraw, seize or garnish funds from an inmate's trust account

2

to pay court fees, costs and fines associated with this conviction. As part of this plea agreement you:

1. Agree not to object to, challenge, protest, or otherwise contest, in any manner, the withdrawal, seizure or garnishment of funds from your inmate trust account by the Department for the payment of court fees, costs, and fines associated with this conviction.
2. Waive the right to object to, challenge, protest or otherwise contest, in any manner, the calculation of the amount of court fees, costs and fines associated with this conviction to be withdrawn, garnished or seized by the Department from your inmate trust account.
3. Waive the right to be served with legal process or notice of any kind (including any writ of garnishment, application, accompanying affidavit(s), bill(s) of costs or court order) in any way pertaining or related to the withdrawal, garnishment or seizure of funds from your inmate trust account by the Department for the payment of court fees, costs, and fines associated with this conviction.
4. Waive any legal, equitable or administrative process or procedure (including by inmate grievance or other internal Department method) to regain funds, or to prevent withdrawal, garnishment or seizure of funds, from your inmate trust account by the Department for the payment of court fees, costs and fines associated with this conviction.
5. Waive, forego, surrender and relinquish any property right to any funds withdrawn, garnished or seized from your inmate trust account by the Department to pay court fees, costs and fines associated with this conviction.
6. Waive the right to the appointment of legal counsel to pursue any legal, equitable or administrative proceeding to prevent the Department from withdrawing, garnishing or seizing funds from your inmate trust account to pay an unpaid fine, court costs or court fees to regain the same.

Both Doyle and the presiding judge signed the document immediately below—and on the same page—as these paragraphs. Immediately preceding Doyle's signature appears an additional sentence: "I understand each and every admonishment and I have no questions of the judge or my attorney concerning these admonishments."

3

Our law permits the Department to garnish an inmate's trust account when such has been authorized by the trial court of conviction and is pursuant to an order by the court to pay items included in a prioritized statutory list. TEX. CIV. PRAC. & REM. CODE ANN. § 63.007 (Vernon 2008); TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004). Before a trial court may issue an order pursuant to Section 501.014 of the Texas Government Code, the convicted inmate must be provided both with notice of the State's intent to garnish that trust account and with an opportunity to respond. *Abdullah v. State*, 211 S.W.3d 938, 941–42 (Tex. App.—Texarkana 2007, no pet.). Generally, the State's failure to provide a convicted inmate with such advance notice and opportunity to respond violates the inmate's right to due process. *Id.* at 942; *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("By requiring the government to follow appropriate procedures when its agents decided to 'deprive any person of life, liberty, or property,' the Due Process Clause promotes fairness in such decisions."); *Hurtado v. California*, 110 U.S. 516 (1884) (Due Process Clause "intended to secure the individual from the arbitrary exercise of the powers of government"). A defendant, however, may also affirmatively, voluntarily, and knowingly waive any rights afforded to him or her—even constitutional due-process rights. *Wheeler v. State*, 628 S.W.2d 800, 802 (Tex. Crim. App. 1982); *Franks v. State*, 513 S.W.2d 584, 585 (Tex. Crim. App. 1974). The record before us shows Doyle affirmatively, intelligently, voluntarily, and knowingly waived his right to contest any future garnishment proceeding to collect fees, costs, and fines connected with his underlying criminal

4

conviction. While Doyle now claims his waiver regarding garnishment was involuntary, the record before us refutes such a claim.

We conclude Doyle's voluntary waiver of his due-process right to notice and opportunity to contest the garnishment proceeding precludes this Court from granting the requested relief. *Cf. Moore v. State*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007) (discussing other plea agreement provisions that have been included and requiring such contract be binding as to all aspects of agreement absent evidence agreement was made unknowingly or involuntarily). We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     September 23, 2008
Date Decided:       September 24, 2008

5