

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00129-CV
_____

MONROE HENRY PRESTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court Nos. 22654, 22863, 22864

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Following a plea of guilty pursuant to a plea agreement, Monroe Henry Preston was convicted of one count of delivery of cocaine in an amount of one gram or more, but less than four grams within a drug-free zone (case number 22654), and two counts of delivery of less than one gram of cocaine as a habitual offender (case numbers 22863 and 22864). On January 26, 2009, the trial court issued a notice of withdrawal of funds from Preston's inmate trust account in each case, pursuant to Section 501.014 of the Texas Government Code.[1] On November 9, 2011, Preston filed a "Motion to Recind [sic] Withdrawal of Funds from Inmate Trust Account and Restore Funds to Inmate Trust Account" in each case. The trial court denied Preston's motion.

On appeal, Preston complains of withdrawal of $75.00 for attorney's fees in cases 22863 and 22864, $350.00 for attorney's fees in case 22654, and a $600.00 fee for an investigator in case 22654. Preston argues that the trial court failed "to afford appellant due process in making a fact-specific determination that appellant had the financial resources to offset" the attorney's fees, challenges the sufficiency of the evidence to support the calculation of attorney's fees, and claims the court erred in compelling reimbursement for the "investigator fees when the trial record clearly demonstrat[ed] that an investigator was not warranted or necessary because . . . [he] entered a plea in open court." We find that Preston's plea was pursuant to a plea agreement and that he waived these complaints during the plea bargain process. The trial court's judgment is affirmed.

---

[1] *See* TEX. GOV'T CODE ANN. § 501.014 (West Supp. 2011).

2

The terms of Preston's signed plea admonishments contain the following:

**<u>Garnishment of Inmate Accounts to Pay Fines, Court Costs and Court Fees</u>**
Upon court order, the Texas Department of Criminal Justice (hereinafter "the Department") may withdraw, seize or garnish funds from an inmate's trust account to pay court fees, costs and fines associated with this conviction. As part of this plea agreement you:

1.      Agree not to object to, challenge, protest or otherwise contest, in any manner, the withdrawal, seizure or garnishment of funds from your inmate trust account by the Department for the payment of court fees, costs and fines associated with this conviction.

2.      Waive the right to object to, challenge, protest or otherwise contest, in any manner, the calculation of the amount of court fees, costs and fines associated with this conviction to be withdrawn, garnished or seized by the Department from your inmate trust account.

3.      Waive the right to be served with legal process or notice of any kind (including any writ of garnishment, application, accompanying affidavit(s), bill(s) of costs or court order) in any way pertaining or related to the withdrawal, garnishment or seizure of funds from your inmate trust account by the Department for the payment of court fees, costs and fines associated with this conviction.

4.      Waive any legal, equitable or administrative process or procedure (including by inmate grievance or other internal Department method) to regain funds, or to prevent withdrawal, garnishment or seizure of funds, from your inmate trust account by the Department for the payment of court fees, costs and fines associated with this conviction.

5.      Waive, forego, surrender and relinquish any property right to any funds withdrawn, garnished or seized from your inmate trust account by the Department to pay court fees, costs and fines associated with this conviction.

6.      Waive the right to the appointment of legal counsel to pursue any legal, equitable or administrative proceeding to prevent the Department from withdrawing, garnishing or seizing funds from your inmate trust account to pay any unpaid fine, court costs or court fees or to regain the same.

Texas law permits garnishment of an inmate's trust account when such has been authorized by the trial court of conviction. TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2011). "Texas courts have long recognized that prisoners have a property interest in their inmate trust accounts," and must be afforded some measure of due process. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). A defendant, however, may also affirmatively, voluntarily, and knowingly waive any rights afforded to him—even constitutional due process rights. *Wheeler v. State*, 628 S.W.2d 800, 802 (Tex. Crim. App. [Panel Op.] 1982); *Franks v. State*, 513 S.W.2d 584, 585 (Tex. Crim. App. 1974); *In re Doyle*, No. 06-08-00094-CV, 2008 WL 4329041 (Tex. App.—Texarkana Sept. 24, 2008, no pet.) (mem. op.) (defendant can waive right to complain of alleged due process requirements in connection with garnishment from inmate trust fund account).

Further, the concept of a plea agreement has been equated to a contract. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009); *Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). Plea bargaining consists of the prosecutor's concessions regarding punishment, lesser charges, or reduction in counts in exchange for a defendant's plea of guilty or nolo contendere. *See Williams*, 637 S.W.2d at 948. Such an agreement may contain a wide variety of stipulations, including a stipulation that the defendant waives the right to appeal. *See Moore*, 295 S.W.3d at 331–32; *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006).

The record before us shows Preston affirmatively, intelligently, voluntarily, knowingly, and unambiguously waived his right to contest or appeal any future garnishment proceeding to

4

collect fees, costs, and fines connected with his underlying criminal conviction. Thus, the trial court did not err in denying Preston's motion to rescind withdrawal of funds from his inmate trust account.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     March 14, 2012
Date Decided:       March 15, 2012