

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00138-CV

DONALD JOSEPH BENTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24349

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

In Lamar County, Texas, Donald Joseph Benton was indicted on three counts of failing to register or maintain registration as a sex offender. Pursuant to the terms of a negotiated plea agreement, the trial court sentenced Benton to five years' confinement, which was to run concurrently with a pending parole revocation stemming from the three counts in the indictment. The final judgments, signed July 8, 2011, assessed $250.00 against Benton for attorney's fees. More than two years later, on or about November 21, 2013, Benton filed a motion seeking reimbursement for the $250.00 he alleges was removed from his inmate trust fund account. The trial court denied the motion November 25, 2013. On appeal, Benton argues that the trial court erred in denying his motion.[1]

We affirm the judgment because Benton's guilty plea waived his right to contest or appeal withdrawal of funds from his inmate trust account.

On appeal, Benton complains (1) that $250.00 was improperly removed from his inmate trust account to pay the attorney's fees assessed against him and (2) that the trial court erred in denying his motion for reimbursement (a) because he lacks the financial means to pay the attorney's fees and (b) because the court stamped "DENIED" on his motion rather than issuing a separate, formal order of denial. Because we find that Benton pled guilty pursuant to a

---

[1]The State contends that this Court lacks jurisdiction because Benton's notice of appeal was untimely. We have previously held that, in order to perfect a civil appeal of this type, the appellant is required to file a notice of appeal within thirty days from the date the trial court denied his or her motion (in this instance, November 25, 2013). *In re Hart*, 351 S.W.3d 71, 76–77 (Tex. App.—Texarkana 2011, orig. proceeding); *see* TEX. R. APP. P. 26.1. Benton's notice of appeal from the trial court's denial of his motion for reimbursement was filed December 19, 2013, well within the thirty-day time limit. Therefore, we have jurisdiction to hear Benton's appeal.

negotiated plea agreement and that he waived these complaints as a part of that agreement, we affirm the trial court's judgment.

Benton's signed plea agreement includes a lengthy section in which Benton specifically agreed that his inmate trust fund could be garnished to pay court fees, costs, and fines associated with his conviction. He waived any right to challenge the withdrawal of funds or notice of a seizure for these purposes, and he acknowledged such waiver was a part of the negotiated plea agreement.

Texas law permits garnishment of an inmate's trust account when such has been authorized by the trial court of conviction. TEX. GOV'T CODE ANN. § 501.014(e) (West 2012). "Texas courts have long recognized that prisoners have a property interest in their inmate trust accounts" and must be afforded some measure of due process with respect to that interest. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). A defendant, however, may also affirmatively, voluntarily, and knowingly waive any rights afforded to him—even constitutional due process rights. *Wheeler v. State*, 628 S.W.2d 800, 802 (Tex. Crim. App. [Panel Op.] 1982); *Franks v. State*, 513 S.W.2d 584, 585 (Tex. Crim. App. 1974); *In re Doyle*, No. 06-08-00094-CV, 2008 WL 4329041 (Tex. App.—Texarkana Sept. 24, 2008, no pet.) (mem. op.) (defendant can waive right to complain of alleged due process requirements in connection with garnishment from inmate trust fund account).

Further, the concept of a negotiated plea agreement has been equated to a contract. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009); *Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). A negotiated plea agreement consists of the prosecutor's

concessions regarding punishment, lesser charges, or reduction in counts in exchange for a defendant's plea of guilty or nolo contendere. *See Williams*, 637 S.W.2d at 947. Such an agreement may contain a wide variety of stipulations, including a stipulation that the defendant waives the right to appeal. *See Moore*, 295 S.W.3d at 331–32; *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006).

The record before us shows Benton voluntarily, knowingly, and unambiguously waived his right to contest or appeal any future garnishment proceeding to collect fees, costs, and fines connected with his underlying criminal conviction. Thus, the trial court did not err in denying Benton's motion to rescind withdrawal of funds from his inmate trust account.

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:     March 7, 2014
Date Decided:       April 4, 2014